Franklin J. Rooks, Jr., Esquire
PA Attorney ID: 309562
***Morgan Rooks, P.C.***
525 Route 73 North, Suite 104
Marlton, NJ, 08053
Telephone No. (856) 874-8999
Facsimile No. (856) 494-1707
Email: fjrooks@morganrooks.com
Attorney for Plaintiff

| TYESHA EDENS | : | UNITED STATES DISTRICT COURT |
| | : | FOR THE EASTERN DISTRICT OF |
| *Plaintiff,* | : | PENNSYLVANIA |
| | : | |
| v. | : | DOCKET NO. |
| | : | |
| | : | CIVIL ACTION |
| HEALTHCARE STAT INC. | : | |
| | : | JURY TRIAL DEMANDED |
| *Defendant.* | : | |
| | : | COMPLAINT |

## PRELIMINARY STATEMENT

Tyesha Edens ("Plaintiff") by and through her undersigned counsel, brings this lawsuit against Healthcare Stat Inc., seeking all available relief under the Fair Labor Standards Act for the retaliatory termination of her employment.

## JURISDICTION

1. This civil controversy arises under that laws of the United States, and jurisdiction in conferred upon this court, pursuant to 28 U.S.C. §1331.

## VENUE

2. All actions complained of herein took place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

3. Venue is proper in the judicial District as provided by 28 U.S.C. §1391(b).

## PARTIES

4. Plaintiff is an individual currently residing in Philadelphia, Pennsylvania.

5. Defendant Healthcare Stat, Inc. ("Defendant Company") is a Pennsylvania for-profit corporation with a business address of 9537 Bustleton Avenue, Philadelphia, Pennsylvania 19115. Defendant Company's identification number registered with the Pennsylvania Department of State is 3009169.

6. Plaintiff had worked for Defendant Company since 2016.

7. Defendant Manilal Mathai ("Defendant Mathai") is an adult individual who resides in Jenkintown, Pennsylvania. Defendant Mathai is the president and/or owner and/or managing agent of Defendant Company.

8. Defendant Daisy Manilal ("Defendant Daisy," and together with Defendants Mathai and Company, "Defendants") is an adult individual who resides in Jenkintown, Pennsylvania, and is the spouse of Defendant Mathai. Defendant Daisy is an officer and/or owner and/or managing agent of Defendant Company.

## FACTUAL BACKGROUND

9. Defendant Company is a healthcare staffing company that provides LPNs and CNAs to healthcare facilities ("Contracted Facility") in Philadelphia, Pennsylvania and the surrounding region.

10. Defendant Company's website states, "Healthcare STAT is a leading Healthcare Staffing Agency throughout Philadelphia, Pennsylvania, and its surrounding suburbs. Healthcare STAT provides Staffing needs of organizations that require RN's, LPN's, CNA's & Repiratory [sic] Therapists!"[1]

11. Plaintiff is a licensed practical nurse ("LPN").

---

[1] *See* https://www.healthcarestat.org/#home (last accessed 09/20/2021).

12. Defendant Company recruits workers through its website. Through its website, Defendant Company encourages LPNs and CNAs to "Apply to become a Contractor [sic]."

13. Defendant Company's website contains a fillable "Job Application" form. Defendant Company's website states, "Work Today & Get Paid Tomorrow."

14. Since approximately July 2016 through October 20, 2021, Plaintiff was employed by Defendant Company as an LPN, working for Defendant Company at various Contracted Facilities.

15. As an LPN, Plaintiff's primary job duty was to provide healthcare services to patients at Contracted Facilities under the supervision of a Registered Nurse ("RN"). These job duties include but are not limited to performing admissions assessments and pain assessments, as well as providing tracheotomy and ventilation care to patients with respiratory failure.

16. Since approximately July 2016 through October 20, 2021, Plaintiff typically worked in excess of forty (40) hours per week for Defendant Company, at the Contracted Facilities.

17. Defendant Company compensates Plaintiff at a flat hourly rate for each hour she works at a Contracted Facility, regardless of whether Plaintiff works more than forty (40) hours per week.

18. Defendant Company has never paid Plaintiff an overtime premium to Plaintiff when she worked in excess of forty (40) hours per week.

19. Plaintiff believed that Defendant Company illegally misclassified her as a 1099 independent contractor, rather than as a W-2 employee, and that Defendant Company

was legally required to pay her an overtime premium for each hour worked over forty (40) in a work week.

20. On several occasions, Plaintiff complained to Defendants about not receiving overtime compensation for the hours that she worked in excess of forty (40) in a week.

21. Despite Plaintiff's complaints to Defendants about not receiving overtime compensation, Defendants continued to compensate her as an independent contractor, without any overtime compensation.

22. Defendant Daisy told Plaintiff that Defendant Company does not pay overtime compensation.

23. Plaintiff subsequently sought the advice of legal counsel.

24. On October 11, 2021, Plaintiff filed a class action complaint against Defendants in the Philadelphia Court of Common Pleas under the Pennsylvania Minimum Wage Act for failure to pay overtime wages for each hour worked over forty in a workweek (the "Overtime Complaint").

25. On October 19, 2021, Defendants were served with the Overtime Complaint at Defendants' place of business via a process server.

26. Plaintiff was scheduled to work for Defendants at a Contracted Facility, the Garden Springs Nursing and Rehabilitation Center at 11:00pm on October 20, 2021.

27. However, at 3:44pm on October 20, 2021—just one (1) day after Defendants were served with the Overtime Complaint—Plaintiff received a telephone call from Defendants' scheduling employee, Sahara.

28. At the direction of Defendants Mathai and Daisy, Sahara directed Plaintiff not to report to work at the Garden Springs Nursing and Rehabilitation Center and informed Plaintiff

that Defendants decided Plaintiff's services were no longer needed at Defendant Company.

28. [*sic*] 

29. Within 24 hours of being served with the Overtime Complaint, Defendants terminated Plaintiff's employment because she filed the Overtime Complaint.

## **COUNT I**

30. The preceding paragraphs are incorporated by reference as if fully set forth herein.

31. The Fair Labor Standards Act ("FLSA") requires that employers pay nonexempt employees at least the federal minimum wage for all hours worked and overtime pay for hours worked in excess of 40 hours per week. 29 U.S.C. § 207(a)(1).

32. To establish a prima facie case of retaliation under the FLSA, a plaintiff must show that: (1) she engaged in a protected activity; (2) she was subjected to an adverse employment action following his protected activity; and (3) there was a causal connection between the activity and the adverse action. Jones v. Amerihealth Caritas, 95 F.Supp. 3d 807, 814 (E.D. Pa. 2015).

33. Plaintiff reasonably and in good faith believed that she was misclassified as an independent contractor and that she should have been classified as an employee.

34. Plaintiff reasonably and in good faith believed that she was entitled to overtime compensation for the hours that she worked in excess of 40 (forty) per week under the FLSA and the Pennsylvania Minimum Wage Act. *See* U.S. DOL Fact Sheet #17N: Nurses and the Part 541 Exemptions Under the Fair Labor Standards Act ("Licensed practical nurses and other similar health care employees . . . generally do not qualify as exempt" from overtime requirements).

35. Plaintiff's filing of the Overtime Complaint constituted protected activity under the FLSA.

36. Defendants terminated Plaintiff's employment within 24 hours of being served with the Overtime Complaint.

37. Defendant's termination of Plaintiff was a direct consequence of her filing of the Overtime Complaint.

38. Plaintiff's filing of the Overtime Complaint was a direct and proximate cause of Defendants retaliatory termination of Plaintiff's employment.

**WHEREFORE**, Plaintiff requests that judgment be entered against Defendants, in the form of compensatory damages, back-pay, front-pay, liquidated damages, punitive damages, attorneys' fees and costs, and all other available damages under the FLSA to the fullest extent permitted by law, as well as any other relief the Court may deem just and equitable.

Date: November 19, 2021

**Morgan Rooks, P.C.**

/s/ Franklin J. Rooks, Jr.
Franklin J. Rooks, Jr., Esquire
PA Attorney ID: 309562
525 Route 73 North, Suite 104
Marlton, NJ, 08053
Telephone No. (856) 874-8999
Facsimile No. (856) 494-1707
Email: fjrooks@morganrooks.com

**Goodley McCarthy LLC**

/s/ Ryan P. McCarthy
Ryan P. McCarthy, Esquire
Attorney I.D. No. 323125
James E. Goodley, Esquire
Attorney I.D. No. 315331
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Email: ryan@gmlaborlaw.com